# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| SHARIFA AHMAD, | |
| *Plaintiff,* | |
| v. | CIVIL ACTION |
| EQUIFAX INFORMATION SERVICES LLC, et al., | NO. 23-839 |
| *Defendants.* | |

**PAPPERT, J.**                                                            **September 8, 2023**

## <u>MEMORANDUM</u>

*Pro se* Plaintiff Sharifa Ahmad sued Defendants Equifax Information Services LLC, TransUnion LLC, and Experian Information Solutions, Inc., alleging violations of the Fair Credit Reporting Act. (Compl. ¶¶ 1-5, ECF No. 1) Equifax filed a Motion to Dismiss (ECF No. 9), which the Court grants, though Ahmad will be allowed to file an amended complaint.[1]

## I

Ahmad's Complaint lacks specificity and is hard to follow, perhaps because she appears to have taken for her own use a complaint prepared for a woman named Ericka Buckner. *See* (Pl.'s Prayer for Relief 4, ECF No. 1). The Complaint is also identical in material aspects—mistakes and all—to a complaint filed against the same defendants by Jacqueline Peeples and recently dismissed by Judge Younge. Complaint at ¶¶ 1-19,

---

[1]        There is nothing on the docket indicating that Ahmad served the Complaint on all Defendants. Defendants must be served within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) ("pro se litigants . . . still must serve process on the correct defendants").

*Peeples v. Equifax Info. Servs. LLC*, No. 23-0617, 2023 WL 4374411, 2023 U.S. Dist. LEXIS 115618, at *1-3, 8 (E.D. Pa July 6, 2023) (ECF No. 4, 7).

Ahmad is a "consumer" and the Defendants are consumer reporting agencies under the FCRA. (Compl. ¶¶ 2-4, 8) Ahmad claims that "on or about January 2023" she called "Defendant" or "Defendants" to dispute "the incompleteness and/or inaccuracy of multiple tradelines" appearing in her credit report "prepared, maintained, and published by Defendants." (*Id.* at ¶ 8) Whether she is referring to one, some or all Defendants is unclear. Ahmad further states that "[t]he following accounts are highlighted in the report," and subsequently lists Trumark, Verizon, LJ Ross, and Woodstone Times, but provides no additional information beyond account numbers. (*Id.* at ¶ 16.) She accuses "Defendant" of failing to "update financial and credit reports" or "maintain the proper standards of giving credit report[s]." (*Id.* at ¶ 10.) She also alleges that "Defendant" provided "inaccurate [] financial and credit information," and "committed actions[] [and] errors and poorly maintained files amounting to serious negligence in violation of federal laws, especially" the FCRA. (*Id.*)

An "inaccurate credit file and information," Ahmad contends, rendered her unable to acquire "favorable funding." (*Id.*) Ahmad appears to be alleging that these actions prevented her from accessing lines of credit. It is unclear, however, what specific actions Ahmad is referring to or which specific Defendants created her alleged problems.

The Court interprets Count I of the Complaint, titled "Misreporting Amounting to Negligence," to assert a claim under Section 1681i of the FCRA, an interpretation

2

shared by Equifax.  *See* 15 U.S.C. § 1681i; (Mot. to Dismiss 2, 5).  Ahmad alleges that
"Defendant failed to perform and do everything in its power to accurately gather[] and
report information pursuant to the" FCRA and "inaccurately reported the payment
history in [her] credit report."  (Compl. ¶¶ 12-13.)  She further claims she would not
have suffered damages if "Defendant had [exercised] proper care or had taken action
that a reasonable person would with regard to credit information."  (*Id.* at ¶ 14.)
Ahmad also alleges that "[t]he Defendants made no attempt to contact [her] regarding
any information or dispute in [her] credit report as a measure to assure maximum
possible accuracy."  (*Id.* at ¶ 19.)[2]

      In Count II, Ahmad claims "the Defendants failed to follow reasonable
procedures to assure the maximum possible accuracy of the information in consumer
reports" in violation of Section 1681e(b) of the FCRA.  (*Id.* at ¶ 18) Ahmad also alleges
"willful violations of the FCRA" against all three Defendants. (Pl.'s Prayer for Relief 4)
While Ahmad makes no other reference to willful violations in the body of the
Complaint, the Court construes the Complaint to allege both negligent and willful
violations of Sections 1681i and 1681e(b).[3]

---

[2]     Although this paragraph of the Complaint appears in Count II rather than Count I, Ahmad's references to disputed information and lack of communications from the Defendants appear to invoke Section 1681i's notice requirements.  *See* 15 U.S.C. § 1681i(a)(3), (6)-(8).

[3]     The FCRA provides for actual damages in cases of negligent noncompliance with the statute. 15 U.S.C. § 1681o.  In cases of willful violations of the statute, the FCRA further provides for potential statutory and punitive damages.  15 U.S.C. § 1681n.

II

To avoid dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead factual allegations sufficient to state a claim that is facially "plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the facts pleaded permit a court to make the reasonable inference that the defendant is liable for the alleged misconduct. *Id.* The "mere possibility of misconduct" is not enough; the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678-79 (quoting *Twombly*, 550 U.S. at 570).

Determining plausibility is a "context-specific task" requiring a court to use its "judicial experience and common sense." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (quotations omitted). In making this determination, the court assumes well-pleaded facts are true, construes those facts in the light most favorable to the plaintiff, and draws reasonable inferences from them. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016). However, "conclusory assertions of fact and legal conclusions" are not entitled to the same presumption of truth. *Schuchardt*, 839 F.3d at 347. This presumption attaches only to those allegations supported by sufficient facts. *Id.*

Because Ahmad is proceeding *pro se*, the Court liberally construes the Complaint's. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "pro se litigants

4

still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *still*, 704 F.3d at 245).

III

A

Section 1681i of the FCRA requires consumer reporting agencies to conduct a reasonable reinvestigation into the accuracy of information in a consumer's file if the consumer disputes the "completeness or accuracy of any item of information" in the file. 15 U.S.C. § 1681i(a)(1)(A).

To prove that an agency is liable for failure to reinvestigate disputed information, a plaintiff must establish that the agency "had a duty to do so, and that it would have discovered a discrepancy had it undertaken a reasonable investigation." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 713 (3d Cir. 2010) (citing *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997)). A reasonable investigation is "one that a reasonably prudent person would undertake under the circumstances." *Bibbs v. Trans Union LLC*, 43 F.4th 331, 339-40 (3d Cir. 2022) (quotations omitted).

To state a claim that an agency's reinvestigation was unreasonable, a plaintiff must first show that the disputed information was inaccurate or misleading. *Peeples*, 2023 U.S. Dist. LEXIS, at *5-6 (E.D. Pa July 6, 2023); *Bibbs*, 43 F.4th at 345 (3d Cir. 2022) ("without a showing that the reported information was in fact inaccurate, a claim brought under [Section] 1681i must fail") (quotation omitted).

Section 1681e(b) of the FCRA requires consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of the information

5

concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). Again, a reasonable procedure is one "that a reasonably prudent person would undertake under the circumstances." *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996). A negligent noncompliance claim brought under Section 1681e(b) requires a plaintiff to plead four elements: "(1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry." *Cortez*, 617 F.3d at 708 (quoting *Philbin*, 101 F.3d at 963). To prove willful violations of the FCRA, a plaintiff must show that the defendant knowingly violated the statute or acted with reckless disregard of the statute's terms. *Seamans v. Temple Univ.*, 744 F.3d 853, 868 (3d Cir. 2014) (quoting *Safeco Ins. Co. of Am. v. Burr.*, 551 U.S. 47, 69 (2007)).

To state a claim under Section 1681e(b), a plaintiff "must plausibly plead that the disputed information in her consumer report was inaccurate." *George v. Transunion Corp.*, No. 22-4967, 2023 WL 5044956, 2023 U.S. Dist. LEXIS 138185, at *6 (E.D. Pa Aug. 7, 2023) (quoting *Bibbs*, 43 F.4th at 342-45). Critically, "a plaintiff must show an inaccuracy to proceed under either [Sections 1681i or 1681e(b)]." *Bibbs*, 43 F.4th at 344-45; *see also Angino v. Trans Union LLC*, 784 F. App'x 67, 69 (3d Cir. 2019) ("To prevail under either [a Section 1681i or 1681e(b)] claim, [a plaintiff] must show that their credit report contains inaccurate information"). Information that is "technically accurate but materially misleading is sufficient to trigger" both Sections 1681i and 1681e(b). *Bibbs*, 43 F.4th at 345.

B

Ahmad fails to allege facts necessary to show negligent or willful violations of Sections 1681i or 1681e(b). Her assertions are conclusory and she provides no factual allegations beyond the reference to a phone call she allegedly placed to one or more of the three Defendants. (Compl. ¶ 8)

While Ahmad appears to contend that her credit report contains inaccurate information concerning Trumark, Verizon, LJ Ross, and Woodstone Times (Compl. ¶ 16), there are no facts alleged to indicate what information in the credit report she believes to be inaccurate or why she believes such information is wrong. *See Peeples*, 2023 U.S. Dist. LEXIS 115618, at *6-7 (FCRA claim that "appears to indicate that there is inaccurate information on [plaintiff's] credit reports concerning" certain stores does not "sufficiently set forth facts describing what inaccurate information she believes was included in her consumer reports []or clearly explain[] why the information was inaccurate"); *Cruel v. Experian*, No. 22-5236, 2023 WL 4140828, 2023 U.S. Dist. LEXIS 107797, at *7-8 (E.D. Pa June 22, 2023) ("insufficiency of the facts alleged warrant[s] dismissal" of an FCRA claim where plaintiff "does not allege any facts regarding what the [in]accurate information actually is"); *Whiteford v. Equifax Inc.*, No. 2:21-94, 2021 WL 3683293, 2021 U.S. Dist. LEXIS 157141, at *8 (W.D. Pa Aug. 18, 2021) (plaintiff who fails to "plead any inaccuracies" fails to state a claim under Section 1681i); *Schiano v. HomeEq Servicing Corp.*, 832 F. App'x. 116, 119-120 (3d Cir. 2020) (allegations that defendant violated the FCRA by failing to "fully and properly investigate" the matter are conclusory and fail to state a claim).

An appropriate Order follows.

7

BY THE COURT:


*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.